UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-274(01)(DSD/SRN)
Civil No. 06-2476(DSD)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | GOVERNMENT'S MEMORANDUM |
| v. | ) | IN OPPOSITION TO |
| | ) | SECTION 2255 MOTION |
| PABLO CRUZ CRESPO-AGUILAR, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

Petitioner Pablo Cruz Crespo-Aguilar has filed a pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion is untimely, and should therefore be dismissed.

BACKGROUND

Defendant Pablo Cruz Crespo-Aguilar was charged along with his codefendant, Juan Manuel Pulido-Ramirez, in a two-count Indictment, which was returned on September 20, 2000. Count 1 of the Indictment charged defendants with conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). Count 2 of the Indictment charged defendants with distribution of methamphetamine.

On December 5, 2000, Crespo-Aguilar pled guilty before this Court, pursuant to a Plea Agreement and Sentencing Stipulations. He pled guilty to Count 1 of the Indictment, the conspiracy count, with Count 2 to be dismissed.

Crespo-Aguilar was sentenced by this Court on March 5, 2001. He was sentenced to 121 months imprisonment, to be followed by a

five-year term of supervised release. Crespo Aguilar did not file a direct appeal.

On June 19, 2006, over five years after defendant was sentenced, he filed the instant pro se motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The motion alleges various grounds for relief, several of which relate to alleged ineffective assistance by his attorney, Arthur Martinez, Esq. Defendant alleges that he was misinformed by his counsel as to the sentence he would receive. Motion, at 5. He alleges that his counsel never submitted an appeal. At one point, he suggests that his counsel never advised him of his right to appeal. Motion, at 4. At another point, he suggests that his counsel threatened that if he continued his appeal, he would be incarcerated for additional time. Motion, at 6, 8. He also claims his counsel never adequately explained the Presentence Report or the Plea Agreement and Sentencing Stipulations. Motion, at 6. He further claims that he should have qualified under the "safety-valve" for a sentence below the ten-year mandatory minimum, and that he should have received an additional one-level decrease for acceptance of responsibility. Motion, at 8. Finally, he argues that the Supreme Court's ruling in United States v. Booker, 543 U.S. 220 (2005), should be applicable to his case on collateral review. Motion, at 9.

DISCUSSION

Petitioner Pablo Cruz Crespo-Aguilar has failed to comply with the one-year time limit on filing a § 2255 motion as prescribed in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996. Congress enacted the AEDPA in part "to curb the abuse of the writ of habeas corpus." See Miller v New Jersey, 145 F.3d 616, 618 (3d Cir. 1998).

Prior to the enactment of the AEDPA, a federal defendant could bring a § 2255 motion at any time. Moore v. United States, 177 F.3d 1131, 1134 (8th Cir. 1999). However, the AEDPA changed that right, limiting the time period for filing § 2255 motions to one year from various triggering events, starting with the latest of:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. See Moore v. United States, 173 F.3d at 1133.

Crespo-Aguilar was sentenced by this Court on March 9, 2001. The second, third or fourth triggering events referenced in Section 2255 are clearly not at issue in this case, and defendant has not suggested that they are. Therefore, under the AEDPA, defendant's motion had to be filed in 2002, within one year of his conviction becoming final.

Crespo-Aguilar's petition was filed over five years after his conviction became final. Therefore, the petition is untimely under subsection 1 above. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]"). His untimely motion should accordingly be dismissed.

CONCLUSION

For the foregoing reasons, Crespo Aguilar's motion for relief pursuant to 28 U.S.C. § 2255 should be dismissed with prejudice.

Respectfully submitted,

Dated: August 9, 2006

RACHEL K. PAULOSE
United States Attorney

*s/ Nathan P. Petterson*

BY: NATHAN P. PETTERSON
Assistant U.S. Attorney
Attorney ID Number 151506