UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-274(1)(DSD/SRN)
Civil No. 06-2476(DSD)

United States of America,

Plaintiff,

v. **ORDER**

Pablo Cruz Crespo-Aguilar,

Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, defendant's motion is denied.

**BACKGROUND**

On December 5, 2000, defendant Pablo Cruz Crespo-Aguilar pleaded guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On March 9, 2001, this court sentenced defendant to 121 months imprisonment. Defendant did not take a direct appeal, so his conviction was final as of March 9, 2001. Defendant now moves to vacate, set aside or correct the court's sentence.

**DISCUSSION**

Section 2255 provides a person in federal custody a limited opportunity to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by the court. See United States v. Addonizio, 442 U.S. 178, 185 (1979). However, a § 2255 motion is subject to a one-year period of limitation. See 28 U.S.C. § 2255. The limitation period runs from the latest of the date on which (1) the conviction became final, (2) any impediment to making a § 2255 motion created by the government was removed, (3) the right asserted was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review or (4) the facts supporting the claim could have been discovered by due diligence. Id. § 2255(1)-(4).

The court finds that only the first calculation for the one-year period of limitation applies in this case. As such, the time period in which defendant could file a § 2255 motion expired on March 9, 2002, which was one year after his conviction became final. Therefore, his motion is time-barred.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 57] is denied.

Dated: August 11, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court